**No. 40490**—Protest 955270–G of Pacific Nut Oil Co. (Los Angeles).

Opinion by CLINE, J. No evidence was offered in support of the claims made. The protest was therefore overruled.

**No. 40491.**—Protests 794067–G(D), etc., of Green Forest Wine & Spirits Corp. (New York).

Opinion by CLINE, J. The protests were submitted without the introduction of evidence. On the record presented the protests were overruled.

BEFORE THE FIRST DIVISION, JANUARY 23, 1939

**No. 40492.**—Protest 929534–G of M. Pressner & Co. (New York).

Opinion by SULLIVAN, J. There was testimony that the article is blown up and has confetti inside. They are used in burlesque houses and night clubs. The testimony indicating that these articles are chiefly used for the amusement of adults, they were held not to come within the definition of toys in the tariff act. Being wholly or in chief value of paper they were held dutiable at 35 percent under paragraph 1413 as claimed.

**No. 40493.**—Protest 782102–G of Gellman Brothers (St. Paul).

Opinion by SULLIVAN, J. It was stipulated that the article in question is in chief value of bamboo. As they are only used by adults as noisemakers on festive occasions they were held dutiable at 45 percent under paragraph 409 as claimed. *Nadel* v. *United States* (T. D. 45629) cited.

**No. 40494.**—Protests 659698–G, etc., of Langfelder, Homma & Hayward, Inc. (Philadelphia).

Opinion by SULLIVAN, J. In accordance with stipulation of counsel and on the authority of Abstract 27179, *May* v. *United States* (T. D. 47760), and *Woolworth* v. *United States* (T. D. 48573) the balls and tennis rackets in question were held dutiable at 30 percent under paragraph 1502 as claimed.

**No. 40495.**—Protests 952582–G, etc., of S. S. Kresge Co. et al. (Baltimore, etc.).

Opinion by FIRST DIVISION. Following the authorities cited in Abstract 15400 the court dismissed the protests.